**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DARIA QUINONES                                                                                              PLAINTIFF

v.                                            4:24-cv-00073-JM-JJV

MARTIN O'MALLEY,
Commissioner,
Social Security Administration,                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Daria Quinones, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 11-25.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-three years old. (Tr. 45.)  She is a high school graduate, attended some college, (*id.*), and has past work as an order puller and mortgage loan processor.  (Tr. 23.)

The ALJ[1] found Ms. Quinones has not engaged in substantial gainful activity since January 25, 2017 – the alleged onset date.  (Tr. 14.)  She has "severe" impairments in the form of "post-concussive syndrome; migraine headaches; degenerative disc disease of the lumbar spine; obesity; and anxiety."  (*Id.*)  The ALJ further found Ms. Quinones did not have an impairment or

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 15-18.)

The ALJ determined Ms. Quinones had the residual functional capacity (RFC) to perform a reduced range of light work given her impairments.  (Tr. 15.)  The ALJ determined Ms. Quinones could no longer perform her past work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.  (Tr. 489-92.)  Based in part on the responses to interrogatories submitted to the vocational expert, the ALJ determined she could perform the jobs of laundry sorter, routing clerk, and production assembler - despite her limitations.  (Tr. 24.)  Accordingly, the ALJ determined Ms. Quinones was not disabled.  (Tr. 24-25.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-6.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Quinones argues, *inter alia*, that the ALJ failed to adequately consider the full impact of her migraine headaches, her post-concussion syndrome, and failed to properly evaluate her manipulative limitations regarding reaching.  (Doc. No. 8 at 3-20.)  Her arguments all relate to her belief that the ALJ erred when formulating her RFC.  (*Id.*)

Ms. Quinones likely suffers from some degree of pain and limitation from the combination of her impairments.  But my careful review of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

Plaintiff does not cite to any medical evidence in support of her arguments.  Rather, she

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

takes the ALJ to task on his analysis of Plaintiff's RFC.  In formulating her RFC, the ALJ specifically concluded, "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to simple repetitive work with only occasional interaction with others." (Tr. 18.)  After careful review of the medical evidence in this case, I find no error here.

The objective medical findings and treatment notes, the diagnostic testing, and non-examining state agency medical consultants' assessments all support the ALJ's conclusion that Ms. Quinones is not disabled.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work.  In coming to this conclusion, the ALJ properly analyzed the extensive medical records, and his opinion fairly set out the rationale for his conclusions.

Magnetic resonance imaging and computer tomography showed normal results.  (Tr. 432-437, 456, 462, 469, 678.)  Additionally, Plaintiff's examinations by her doctors showed nothing disabling.

And while the Mental Diagnostic Evaluation performed by Samuel B. Hester, Ph.D., concluded that Ms. Quinones had mild to moderate limitations, the ALJ discounting Dr. Hester's

these conclusions is valid. Dr. Hester reported nothing limiting during testing, (Tr. 944-948), but he inexplicably concluded she had mild to moderate limitations. (Tr. 951-952.) Accordingly, the ALJ could rightly conclude that, "Dr. Hester's assessment appears largely based on the claimant's subjective reports of her post-concussive symptoms rather than the very normal examination findings from Dr. Hester's evaluation." (Tr. 22.)

There is ample evidence to support the Commissioner's decision. I recognize there is some evidence to support Plaintiff's claims. But the overall evidence supports the ALJ's conclusion that she was not completely disabled. Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including alleged manipulative limitations, and errors from a failure to perform a "function by function" evaluation - that I find are without merit. I further agree with and adopt the Commissioner's arguments on these points. (Doc. No. 10.)

Ms. Quinones's counsel has vigorously advocated for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 23rd day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE